UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

STEPHEN E. PODEWELL,   Case No. 1:15-cv-00432

    Plaintiff,   Hon. Gordon J. Quist

v

APPLEBEE'S RESTAURANTS   **Brief in Support of Defendant's Second**
MID-ATLANTIC LLC,   **Motion for Summary Judgment**

    Defendant.
_____

## I.    Factual and procedural background

Plaintiff, appearing *pro se*, seeks damages from Defendant Applebee's Restaurants Mid-Atlantic LLC arising from a visit Plaintiff made to Defendant's Applebee's Restaurant in Plainwell, Michigan, on January 24, 2012 [Complaint, ECF No. 1-1, ¶ A, Page ID 5]. Plaintiff claims that he ingested broken pieces of ceramic or porcelain that were in his food and that he suffered a variety of injuries as a result [ECF No. 1-1, ¶¶ (A), (1), Page ID 5].

Plaintiff filed his complaint in state court on January 22, 2015. On April 23, 2015, Defendant removed the action to this Court, on the grounds of diversity of citizenship under 28 USC 1332(a)(1).

On August 28, 2015 Defendant served Plaintiff with its first Request for Admissions. The requests asked Plaintiff to admit that he had no evidence to support his claims of injury. Plaintiff failed to respond to the Requests; therefore, under Fed.R.Civ.P. 36, the Requests were deemed admitted. Defendant then sought summary judgment on the

grounds that because Plaintiff had no evidence to support his claims of injury, Defendant was entitled to judgment as a matter of law [ECF Nos. 31 and 32, filed October 6, 2015].

On November 25, 2015 the Court entered its Memorandum Order denying Defendant's motion for summary judgment [ECF No. 44]. The Court ruled that while the absence of any evidence to support Plaintiff's claim of injury could potentially impact the extent of any injury he suffered, the absence of any such evidence would not bar him from testifying "about pain and suffering and mental and emotional distress that he experienced as a result of the incident." [ECF No. 44, Page ID 132].

On November 30, 2015, Defendant served Plaintiff with its Second Request for Admissions and related interrogatories, via first-class mail and via e-mail [**Exhibit A, including proof of service**]. With respect to Plaintiff's visit to Applebee's on January 24, 2012 ("the Incident"), the Second Requests asked Plaintiff to admit the following:

1. He had not suffered any physical injury as a result, including any dental injury;

2. He had not sustained any emotional or mental injury; and

3. He had not sustained any economic damage.

Pursuant to Fed.R.Civ.P. 36(a)(3) and Fed.R.Civ.P. 6(d) and (a), Plaintiff was required to serve his responses no later than January 4, 2016; otherwise the Second Requests would be deemed admitted.[1]   See *United States v. Petroff–Kline,* 557 F.3d 285, 293

---

[1] Fed.R.Civ.P. 36(a)(3) provides that a request is deemed admitted unless within thirty days of service, the party being served with the request serves on the requesting party a written answer or objection.

Defendant served the Second Requests on November 30, 2015 via e-mail; however, because Plaintiff is not a registered filer in the ECF system, service was also made upon him on November 30, 2015 by first-class mail. Fed.R.Civ.P. 6(d) provides that an additional

2

(6th Cir. 2009). Plaintiff has not responded in any way to the Second Requests; therefore, they have been deemed admitted.

## II.     Standard of Review

A court properly grants summary judgment when "there is no genuine dispute to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323; 106 S.Ct. 2548; 91 L.Ed.2d 265 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248; 106 S.Ct. 2505; 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment under Rule 56(a), the court must view the evidence in the light most favorable to the non-moving party. *Little Caesar Enterprises, Inc. v. OPPCO, LLC,* 219 F.3d 547, 551 (6th Cir. 2000).

The court must view a summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Little Caesar, supra,* quoting *Anderson v. Liberty Lobby*, 451 U.S. at 251-252.

## III.     Legal Analysis

Rule 36(a) of the Federal Rules of Civil Procedure sets out the procedure by which a party may serve Requests for Admission on another party. Rule 36(a) provides in relevant

---

three days is added to a response time period, when service of the initiating document is made by first-class mail.

Under Fed.R.Civ.P. 6(a)(1)(C), because Plaintiff's thirty-day response period expired on Saturday, January 2, 2016, his response period continued to the next business day, which was Monday, January 4, 2016.

part:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. * * *
> [Fed.R.Civ.P. 36(a)(3)]

As shown by Exhibit A, Defendant served Plaintiff with its Second Requests for Admissions on November 30, 2015 via e-mail and by first-class mail. The introductory paragraph of the Second Requests informed Plaintiff that he had a period of thirty days within which to respond. Plaintiff's deadline for denying or objecting to the Second Requests expired, at the latest, on January 4, 2016. To date, Plaintiff has failed to respond to the Second Requests, nor has he sought an extension of time within which he may serve his responses.

A matter admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.R.Civ.P. 36(b). "'[T]he rule is well established, as it should be, that when admissions pursuant to Rule 36 constitute matters which are dispositive of a case, summary judgment in favor of the party who obtained the admissions is appropriate.'" *JP Morgan Chase Bank, NA v Chelsie Corp*, No. 1:12 CV 352; 2013 WL 2558428 at *6 (WD Mich 2013), quoting *Equal Employment Opportunity Commission v. Baby Products Co., Inc.,* 89 F.R.D. 129, 131 (ED Mich 1981).

The Sixth Circuit has recognized that Rule 36(a) "expressly permits requests to encompass 'any matters within the scope of Rule 26(b).'" *Campbell v. Spectrum Automation Co.,* 601 F.2d 246, 253 (6th Cir. 1979). Fed.R.Civ.P. 26(b) authorizes broad discovery in that discovery is permitted of any non-privileged matter that is relevant to any party's claim or

4

defense.[2]

The fact that a request to admit seeks admission of ultimate facts or is dispositive of the entire case is irrelevant to the issue of whether a failure to deny a request to admit may constitute an admission. *Campbell v. Spectrum, supra,* at 253, citing *City of Rome v. United States,* 450 F.Supp. 378, 383 (D.D.C. 1978)).

See also *Brady v. Stone*, No. 08-13463, 2010 WL 2870208, at *12 (ED MI July 21, 2010). In *Brady,* the plaintiff asserted a civil rights claim, alleging that he was injured as a result of the defendant police officers' use of excessive force when arresting him. Defendants served requests to admit, asking plaintiff to admit that (a) the defendant officer did not force the plaintiff's face into the windshield of the police vehicle; (b) the defendant officer did not punch or strike the plaintiff in the face; (c) the defendant officer did not force the plaintiff's head into the divider between the seats of the police vehicle; and (d) the plaintiff was injured in the motor vehicle accident prior to his arrest when he was fleeing from the police, not during the arrest itself. *Brady, supra.* Plaintiff failed to respond to the requests and did not request an extension of time in order to respond. Therefore, the Court deemed the requests admitted and held that the plaintiff was estopped from arguing that the defendant officer had used excessive force during the arrest or that plaintiff's injuries

---

[2] Fed.R.Civ.P. 26(b)(1) states in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. * * *
> [Fed.R.Civ.P. 26(b)(1)]

had occurred during the arrest. Accordingly, the Court held that the defendant officer was entitled to a grant of summary judgment in his favor. *Id.*

Moreover, as the Court here noted in its November 25, 2015 Opinion, regardless of the fact that Plaintiff here is *pro se*, "he is still bound to follow the rules and orders" of the Court. ECF No. 44, Page ID 133, citing *Fitts v. Sicker,* 232 F. App'x 436, 441-42 (6th Cir. 2007) ("Although a *pro se* litigant's filings are to be construed liberally, he must still comply with the basic rules of the Court."). Plaintiff knew of the 30-day limit for responding to the Requests to Admit because the introductory paragraph of the Requests notified him of that response period. In addition, Applebee's prior dispositive motion was based on Plaintiff's deemed admissions to Applebee's first requests to admit; therefore, Plaintiff was aware not only of the court rule providing for the 30-day response period, but he also knew that failing to respond would result in the requests being deemed admitted.

Consequently, Plaintiff's failure to have responded to Defendant's Second Requests to Admit have resulted in his deemed admission to those requests. That is, he has admitted that with respect to his visit to Applebee's on January 24, 2012:

1. He has not suffered any physical injury, including any dental injury;

2. He has not sustained any emotional or mental injury; and

3. He has not sustained any economic damage as a result of the Incident.

By virtue of Plaintiff's deemed admissions, there are no remaining issues of genuine material fact. Accordingly, no reasonable trier of fact could find in favor of Plaintiff on his claims, and Defendant is entitled to summary judgment as a matter of law. *Anderson v Liberty Lobby, Inc., supra,* 477 U.S. at 249.

## IV.     Conclusion

For the reasons set forth above, Defendant requests that the Court grant summary judgment in its favor and for such further relief as may be appropriate.

                Respectfully submitted,

Dated:  January 12, 2016                /s/ *Sandra J. Densham*
                                            Sandra J. Densham
                                            Plunkett Cooney
                                            Attorneys for Defendant
                                            333 Bridge NW Suite 530
                                            Grand Rapids, MI  49504
                                            (616) 752-4627
                                            sdensham@plunkettcooney.com

Open.00170.51246.16386456-1